**In re TRIDENT SHIPWORKS, INC., Debtor.**

**No. 99–01544–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 10, 2000.

Don M. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for debtor Trident Shipworks Incorporated, Tampa, FL.

Assistant United States Trustee, Benjamin E. Lambers, U.S. Trustee's Office, Tampa, FL.

**ORDER ON MOTION TO TEMPORARILY ALLOW BOATOWNER CLAIMS FOR PURPOSES OF ACCEPTING OR REJECTING A PLAN PURSUANT TO B.R. 3018(A)**

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this yet to be confirmed Chapter 11 case of Trident Shipworks, Inc., (Debtor) is the interplay between Section 502(c)(1) and F.R.B.P. 3018(a). The Code Section deals with the allowance of claims and provides that claims which are challenged, or claims which are contingent or unliquidated, shall be estimated for the purpose of allowance. F.R.B.P. 3018, on the other hand, deals with the right of a claimant with an unliquidated claim, which is challenged, to vote

on the Plan of Reorganization. This Rule provides that the claim may be temporarily allowed in the amount which the Court deems proper for the purpose of accepting or rejecting the Plan.

In the present instance there are approximately 20 claims filed, all of which are unliquidated and based on an alleged breach by the Debtor of a contract to construct luxury yachts valued from $1 million to several million dollars. The unliquidated claims exceed $60 million. Both the Debtor and the claimants agree that these claims are unliquidated, therefore, before they could be allowed they have to be estimated or liquidated. Since the liquidation through actual litigation would be detrimental to the speedy resolution of this Chapter 11 case, as time is of the essence, it is agreed that the claims should be estimated. However, this is where the agreement ends. The parties disagree on whether the estimation should be only for the limited purpose of establishing the right to vote on one of the two competing Plans of Reorganization filed, or the estimation should also determine the outer limits of the recovery, that is a cap on the distribution of the claim once it is estimated.

This problem is not new and has been dealt with in several cases, most commonly in the so-called mass tort cases, *In re A.H. Robins Co., Inc.*, 880 F.2d 694 (4th Cir.), *cert. denied*, 493 U.S. 959, 110 S.Ct. 376, 107 L.Ed.2d 362 (1989) and *Kane v. Johns–Manville Corp.*, 843 F.2d 636 (2nd Cir.1988), both of which involved tens of thousands of personal injury claimants. The court resorted to a unique method of estimating these claims in the *Johns–Manville* case, and approved each of the claims for $1.00 for purposes of voting. Thus, for the distribution ultimately to be made, the claimants had to make an additional claim to establish its actual value.

■ There is no question that the Court has discretion to determine the appropriate method of estimation, especially the purpose of the estimation. The esti-

mation proceeding is clearly a "core" matter. *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.1986) (noting that claims estimation proceedings that do not involve personal injury or wrongful death claims are core proceedings, citing 28 U.S.C. § 157(b)(2)); *In re Baldwin–United Corp.*, 57 B.R. 751, 758 (S.D.Ohio 1985) ("[a]n estimation proceeding is also a core proceeding"); *In re Thomson McKinnon Securities, Inc.*, 191 B.R. 976, 979 (Bankr. S.D.N.Y.1996) (noting that estimation "is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)").

■ It is also well established that the estimation proceeding may be used for the purpose of voting on a Plan of Reorganization, and also to determine the allowed amount for distribution purposes. In the present instance, as noted earlier, there are two competing Plans of Reorganization on file. Both of the Disclosure Statements have been approved, and the confirmation hearing on both Plans is now scheduled to be considered by this Court on May 10, 2000. Hearings to estimate these unliquidated claims are scheduled to be considered by this Court during the month of April.

■ The claims are damage claims involving the construction of luxury vessels, as noted earlier, and involve extensive, fact intensive disputes concerning the damages based on delays and improper construction. Most importantly, these disputes concern the propriety of certain charges, which are claimed to be extras by the Debtor, that is chargeable in addition to the contract price, which according to the vessel owners were corrections of defective work and, therefore, should not be charged in addition to the contract price.

It should be evident from the foregoing that if the estimation process involved both the purpose of voting and also the ultimate determination of the amount to which the claimant would be entitled to be paid, it would present a task which is impossible to accomplish within the time frame fixed for

confirmation. For this reason the Court is satisfied that the estimation process should be limited to the purpose of determining the claimants' rights to vote. This Court will consider the estimation initially based only on the documentation to be submitted by the parties. In the event this Court is unable to make a determination, and is of the opinion that an evidentiary hearing is necessary, the Court will schedule a limited evidentiary hearing to resolve the issue.

Based on the forgoing, it is

ORDERED, ADJUDGE AND DECREED that the Motion to Temporarily Allow Boatowner Claims for Purposes of Accepting or Rejecting a Plan Pursuant to BR 3018(A) be, and the same is hereby, granted and this Court will limit the estimation process to the purpose of determining the Boatowners' rights to vote. It is further

ORDERED, ADJUDGED AND DECREED that the Boatowners shall file with this Court a written documentation of their claims by March 24, 2000, to be served on the Debtor and Debtor's counsel. The Debtor shall have until April 7, 2000, to file its response and to submit its documentation in opposition to the claims of the Boatowners.